**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **ROBERT A. LEVY and PHYLLIS B. LEVY,** | § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | **EP-13-CV-129-KC** |
| **THE CITY OF EL PASO, EL PASO ELECTRIC COMPANY, and JOYCE WILSON,** | § § § § | |
| **Defendants.** | § § | |

## <u>ORDER</u>

On this day, the Court considered Defendant Joyce Wilson's Motion to Dismiss, ECF No. 8, Defendant City of El Paso's Motion to Dismiss, ECF No. 9, Defendant El Paso Electric Company's Motion to Dismiss, ECF No. 10, and Defendant City of El Paso's Second Motion to Dismiss, ECF No. 14, in the above-captioned case.

For the reasons set forth below, Defendant City of El Paso's Motion to Dismiss, ECF No. 9, is **GRANTED** as to Plaintiffs' claims under 42 U.S.C. § 1983.  Additionally, in its discretion under 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims.  Such state law claims are therefore **DISMISSED**, and the parties' remaining Motions in this case are each **DENIED** as moot.

## I.   BACKGROUND

Appearing pro se, Plaintiffs filed their Complaint, ECF No. 1, in the above-captioned case on April 19, 2013.  Plaintiffs raise several constitutional claims and several state law claims relating to Defendants' enforcement of certain municipal ordinances governing property

1

maintenance.  *See* Compl. ¶¶ 41-54.  In particular, Plaintiffs allege that Defendant City of El Paso ordered discontinuation of electrical service at a home owned by Plaintiffs in violation of substantive and procedural due process, and that Defendant City of El Paso's adoption of the Vacant Building Ordinance gives Defendants "arbitrary and discriminatory power to limit a property owner's use of his or her property."  *Id.* ¶¶ 39-41, 52-54.  Plaintiffs also allege that criminal proceedings initiated by Defendants against Plaintiff Robert Levy pursuant to the same municipal ordinances constituted the torts of malicious prosecution and abuse of process, and that Defendants' actions against Plaintiffs constituted both intentional infliction of emotional distress ("IIED") and civil conspiracy.  *Id.* ¶¶ 42-48.

In their Complaint, Plaintiffs allege that on or about September 1, 2010, they received a three-page Notice of Violation from Defendant City of El Paso in relation to a residential property that Plaintiffs owned and leased to tenants at 2918 East Yandell Drive.  *See id.* ¶¶ 12-13.  This Notice of Violation is appended as Exhibit A of Plaintiffs' Complaint.  *See id.* Ex. A, at 1-3 ("2010 Notice").  Plaintiffs state that this Notice referred to "unspecified violations of the 2003 International Property Maintenance Code," which had been incorporated into the El Paso Municipal Code by local ordinance.  *See* Compl. ¶ 13.  The 2010 Notice did specify, however, a number of violations relating to the maintenance of property on East Yandell Drive, including that "[t]he floors have not been maintained in a safe manner" in violation of "Sec. 305.4," that "[t]he walls have not been maintained in a safe manner free of holes and cracks" in violation of "Sec. 304.7," and that "[t]he structure is open and accessible to unauthorized entry" in violation of "Sec. 301.3," as well as numerous other violations relating to the property's plumbing system, electrical system, HVAC system, and the presence of "weeds, trash, and debris" on the premises. 2010 Notice 2.

2

The 2010 Notice also stated that repairs "must be completed within 30 days of your receipt of this letter.  If, due to the scope and complexity of the work more time is needed, you must make this request to the Building and Standards Commission at a hearing scheduled by this department."  *Id.* at 3.  According to the 2010 Notice, "[m]any of these corrections will require a permit" that "must be taken out by a bonded and insured contractor who is registered with the City of El Paso."  *Id.*

The 2010 Notice also explained that the Building and Standards Commission would decide after "unsafe structures proceedings" whether the structure is "unsafe and if it should be vacated and secured, or demolished as per Chapter 2.38 of the El Paso Municipal Code."  *Id.* The 2010 Notice also stated that "[b]y authority of Chapter 18.02.103.9.3 of the El Paso Municipal Code the electrical service at this property may be disconnected at the request of the Building Permits and Inspections Department because of Electrical Code violations."  *Id.* Plaintiffs allege in their Complaint, however, that the 2010 Notice "misrepresented" this provision of the Municipal Code, because in fact the "actual provision" authorizing the disconnection of electrical service is not codified at Chapter 18.02.103.9.3, but at Chapter 18.02.103.10.3.3.  Compl. ¶ 14.  Moreover, Plaintiffs claim that "in fact the Municipal Code provides for utility service discontinuance only in the event of an emergency . . . ."  *Id.*

Plaintiffs allege that they met with Building Inspector Nellie Avalos and Building Official Bill Stern on September 7, 2010, to discuss the 2010 Notice.  *Id.* ¶ 15.  Avalos and Stern allegedly explained that Plaintiffs were prohibited from making "their own" repairs to the property's electrical system, that Plaintiffs "could be subject to civil and criminal prosecution if they did not correct the violations . . . by hiring licensed contractors," and that "electrical service could be turned off pursuant to the Notice."  *Id.*  Plaintiffs state that they "rejected [Stern's]

3

warnings, and advised Stern that they had personally managed, maintained, and repaired the [rental] property since [Plaintiff] acquired it from his mother's estate and would continue to do so." *Id.* Later that day, Chief Building Inspector Tom Maguire allegedly told Plaintiffs that they would have to increase the number of electrical outlets in the property's bedrooms and convert the overhead lights so that they could be "controlled by switches on the walls instead of pull strings," but that Plaintiffs could make the necessary repairs themselves "as long as no electrical work was involved." *Id.* ¶ 16.

On July 12, 2011, Defendant El Paso Electric Company allegedly terminated electrical utility service to the property "without notifying" Plaintiffs and "pursuant to a request from Building Official Stern." *Id.* ¶ 21. Plaintiffs allege that electrical service has not been restored during the subsequent two years. *Id.* ¶ 22.

One month after the termination of Plaintiffs' electrical service, on August 5, 2011, Plaintiffs allege that they received a second Notice of Violation. *Id.* ¶ 25. This document is also appended as Exhibit B of Plaintiffs' Complaint. *See id.*, Ex. B, at 1-3 ("2011 Notice"). As Plaintiffs observe, the 2011 Notice was "essentially identical" to the 2010 Notice. *See* Compl. ¶ 25; 2011 Notice. On October 17, 2011, Plaintiffs spoke to City Representative Cortney Niland, who told Plaintiffs that Building Official Bill Stern was still investigating Plaintiffs' practices with respect to managing their rental property. *See* Compl. ¶ 28. On October 26, 2011, Plaintiffs met with Defendant Wilson, the City Manager, who told Plaintiffs that "a criminal proceeding would be initiated against them in Municipal Court," and that Plaintiffs "could be fined up to $2000 per day." *Id.* ¶ 29.

On December 13, 2011, Plaintiff Robert Levy was charged in the Municipal Court of the City of El Paso with Failure to Maintain Property. *Id.* ¶ 30. Plaintiffs allege that the case was

then dismissed on August 15, 2012.  *Id.* ¶ 35.  During the pendency of the case, however, Plaintiffs allegedly experienced severe emotional distress.  *Id.* ¶ 33.  Additionally, Plaintiffs report that their property was subject to numerous acts of vandalism during this period, including "pieces of roofing having been pulled off," an incident where "someone climbed on the roof" and "removed the rear attic vent," and several incidents where unidentified persons broke into the property.  *See id.* ¶ 37.

Based on the allegations described above, Plaintiffs have made claims pursuant to six identifiable causes of action.

The first two claims arise under the Due Process Clause of the United States Constitution. First, Plaintiffs claim that Defendant City of El Paso's order to discontinue Plaintiffs' electrical service constituted "an arbitrary and capricious governmental decision" that violated Plaintiffs' right to procedural due process by "deliberately flouting the explicit provisions of the City ordinance."  *See id.* ¶¶ 39-41.  Second, Plaintiffs claim that the discontinuation of electrical service prevented Plaintiffs from renting out the property, thereby giving rise to a violation of substantive due process.  *See id.* ¶¶ 41, 52-54.  Plaintiffs bring these first two constitutional claims under 42 U.S.C. § 1983 and invoke this Court's original jurisdiction under 28 U.S.C. § 1331.  *See id.* ¶ 3.

Plaintiffs' other claims arise under state law, and are brought under this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  *See id.* ¶ 4.  Plaintiffs' third claim is that Defendants' initiation of criminal proceedings against Plaintiff Robert Levy constituted the tort of malicious prosecution.  *See id.* ¶¶ 42-44.  Plaintiffs' fourth claim is that Defendants' initiation of criminal proceedings against Plaintiff Robert Levy constituted the tort of abuse of process. *See id.* ¶¶ 42-44.  Fifth, Plaintiffs claim that Defendants have "conducted or permitted" acts of

vandalism on Plaintiffs' property and initiated criminal proceedings against Plaintiffs, thereby causing Plaintiffs to experience severe emotional distress and committing the tort of IIED. *Id.* ¶ 45. Sixth, Plaintiffs claim that Defendants participated in a conspiracy with certain of Plaintiffs' former tenants who vacated the rental property without paying rent and left the apartment in condition requiring repairs. *Id.* ¶¶ 46-48.

Pursuant to these six claims, Plaintiffs request that this Court award them compensatory damages, exemplary damages, equitable relief, declaratory relief, pre-judgment interest, post-judgment interest, and attorneys' fees. *Id.* at 13-15. In particular, Plaintiffs request that "Section 3.B.3 of the Vacant Building Ordinance . . . be declared void" because "[p]roperty owners served with a notice of violation should have the right to obtain permits to correct the violations" themselves, rather than "having to go through a [licensed] contractor." *See id.* ¶¶ 52-53.

On May 9, 2013, Defendant Joyce Wilson and Defendant City of El Paso each filed a separate Motion to Dismiss. *See* Def. Joyce Wilson's Mot.; Def. City of El Paso's Mot. On May 13, 2013, Defendant El Paso Electric Company also filed a Motion to Dismiss. Def. El Paso Electric Company's Mot. On June 21, 2013, Defendant City of El Paso then filed a separate Motion to Dismiss Plaintiffs' state law claims against Defendant Wilson based on the Texas Tort Claims Act. Def. City of El Paso's Second Mot.

## II.  DISCUSSION

### A.  Standard

A motion to dismiss pursuant to Rule 12(b)(6) challenges a complaint on the basis that it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, the Court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002); *Collins*

*v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Though a complaint need not contain "detailed" factual allegations, a plaintiff's complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted); *Gulf Coast Hotel-Motel Ass'n v. Miss. Gulf Coast Golf Course Ass'n*, 658 F.3d 500, 506 (5th Cir. 2011). Ultimately, the "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted). Nevertheless, a "well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

Where pleadings are filed by a pro se litigant, this pleading "must be held to less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, pro se litigants are still required to provide sufficient facts in support of their claims, and mere conclusory allegations are insufficient. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). "[E]ven pro se litigants must brief arguments to preserve them." *Johnson v. Quarterman*, 479 F.3d 358, 359 (5th Cir. 2007).

**B.     Analysis**

Invoking this Court's original jurisdiction under 28 U.S.C. § 1331, Plaintiffs have brought two claims for violations of the Due Process Clause of the United States Constitution pursuant to 42 U.S.C. § 1983.  *See* Compl. ¶¶ 2-3.  Because the Complaint arguably raises these constitutional claims only against Defendant City of El Paso, only Defendant City of El Paso has addressed these claims in its Motion to Dismiss.  *See* Def. City of El Paso's Mot. 7-10.  Defendant Wilson, by contrast, does not mention these constitutional claims anywhere in her Motion.  *See* Def. Wilson's Mot. 5 (summarizing her arguments).  Defendant El Paso Electric Company affirmatively argues in its Motion that "Plaintiffs' claim of a civil rights violation under 42 U.S.C. § 1983 is directed solely at the Co-Defendant City of El Paso," and that Plaintiffs "do not challenge the actions of [Defendant] El Paso Electric Company" as violations of the Due Process Clause.  Def. El Paso Electric Company's Mot. ¶ 6.

Plaintiffs' remaining state law claims of malicious prosecution, abuse of process, IIED, and conspiracy, unlike Plaintiffs' two constitutional claims under 42 U.S.C. § 1983, do not fall within this Court's original jurisdiction.  *See* Compl. ¶ 4.  As to these causes of action, Plaintiffs have explicitly invoked the "supplemental jurisdiction of this Court over their state law and common law claims against Defendants pursuant to 28 U.S.C. § 1367."  *See id.*  In their Motions to Dismiss, the three Defendants have each made various challenges to the sufficiency of Plaintiffs' allegations regarding their state law claims.  *See* Def. Joyce Wilson's Mot. 6-11; Def. City of El Paso's Mot. 7; Def. El Paso Electric Company's Mot. 7-13.  Additionally, Defendant City of El Paso has filed a separate Motion to Dismiss the state law claims raised against Defendant Wilson based on provisions of the Texas Tort Claims Act that govern certain claims brought simultaneously against municipalities and their employees.  *See* Def. City of El Paso's

Second Mot. 4.

### 1.    Violations of the Due Process Clause

Plaintiffs have claimed under 42 U.S.C. § 1983 that Defendants violated Plaintiffs' rights to procedural and substantive due process when Building Official Bill Stern ordered the discontinuation of Plaintiffs' electrical service. *See* Compl. ¶¶ 40-41. As Plaintiffs explain in their Complaint, Building Official Bill Stern acted under El Paso Municipal Code Chapter 18.02 as a means of enforcing El Paso Municipal Code Chapter 18.50. *See id.* ¶¶ 14, 21-22, 52. Plaintiffs also address the Vacant Building Ordinance, codified at El Paso Municipal Code Chapter 18.40, and request a declaration by this Court that this Ordinance is void because it "gives a City Inspector arbitrary and discriminatory power to limit a property owner's use of his or her property." *See id.* ¶¶ 52-54.

Any claim under 42 U.S.C. § 1983 must allege (1) a deprivation of a right secured by federal law (2) that occurred under color of state law, and (3) was caused by a state actor. *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004); *Uresti v. Reyes*, 506 F. App'x 328, 329 (5th Cir. 2013). As explained above, the single Defendant to challenge Plaintiffs' claims under the Due Process Clause is Defendant City of El Paso. *See* Def. City of El Paso's Mot. 7-10. In its Motion to Dismiss, however, Defendant City of El Paso has not addressed either the second or the third elements of Plaintiffs' claims under 42 U.S.C. § 1983. That is, Defendant City of El Paso does not dispute the sufficiency of Plaintiffs' allegations with respect to actions taken under the color of state law by a state actor. *See id.* Indeed, Plaintiffs allege that their electrical service was terminated pursuant to a request by a municipal official, Building Official Bill Stern, acting pursuant to provisions of the El Paso Municipal Code. *See id.* ¶¶ 21-22. The Court therefore finds that Plaintiffs have sufficiently alleged that this challenged action was

9

taken under the color of state law by a state actor.  *See Larpenter*, 369 F.3d at 482; *Uresti*, 506 F. App'x at 329.

Defendant City of El Paso disputes, however, the sufficiency of Plaintiffs' allegations as to only the first element of a claim under 42 U.S.C. § 1983—a deprivation of a right secured by federal law.  *See Larpenter*, 369 F.3d at 482; *Uresti*, 506 F. App'x at 329.  Specifically, Defendant City of El Paso argues that no violation of the Due Process Clause has been sufficiently alleged.  *See* Def. City of El Paso's Mot. 7-10.[1]

### a.      Procedural due process

Defendant City of El Paso argues that "Plaintiffs do not plead a valid procedural due process claim because . . . Plaintiffs concede that they were first notified of the City's intent to terminate electrical service . . . approximately one year prior to the disconnection of electrical service," and therefore received sufficient notice of the potential termination.  *See* Def. City of El Paso's Mot. ¶¶ 8-10.  According to Defendant City of El Paso, Plaintiffs were given "an opportunity to repair the property so that it would comply with . . . building codes" when they received the 2010 Notice of Violation, but nonetheless failed to make the repairs.  *Id.* ¶ 10. Therefore, Defendant City of El Paso argues, even "[c]onstruing the Plaintiffs' allegations in their favor, these allegations do not support a procedural due process claim.  *Id.*

---

[1]  In so doing, Defendant City of El Paso does not contest that Plaintiffs' right to receive electrical service and right to use their property for business purposes indeed constitute "valid property interest[s]," which are subject to the protections of the Due Process Clause.  *See Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1046 (5th Cir. 1998); *Perfection Indus., Inc. v. City of Terrell, Tex.*, CIV.A.3:03-CV-3083-G, 2004 WL 1732689, at *7-9 (N.D. Tex. July 30, 2004).  Indeed, based on its analysis of the Texas Utilities Code § 37.152 and the case law of the Texas courts, the United States Court of Appeals for the Fifth Circuit held in *Hidden Oaks Limited v. City of Austin* that Texas law recognizes, first, "an entitlement to continuous and adequate utility service, which may be removed only 'for cause,'" and, second, the right "to collect rent for the use of one's land."  *Hidden Oaks Ltd.*, 138 F.3d at 1046 (citing *F. Groos & Co. v. Chittim*, 100 S.W. 1006, 1010 (Tex. Civ. App. 1907)).  Accordingly, as the Fifth Circuit explained in *Hidden Oaks*, both of these rights may serve as a basis for claims brought under the Due Process Clause of the United States Constitution.  *See id.* (analyzing *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)); *Perfection Indus., Inc.*, 2004 WL 1732689, at *8-9.

The essential requirements of procedural due process "are notice and an opportunity to respond." *Finch v. Fort Bend Indep. Sch. Dist.*, 333 F.3d 555, 562 (5th Cir. 2003) (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985)); *Holden v. Knight*, 155 F. App'x 735, 738 (5th Cir. 2005); *see also Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." (internal punctuation and citation omitted)).

"[P]rocedural due process is satisfied" where an affected party receives "notice of the reasons" for the deprivation of a property or liberty interest prior to that deprivation, the affected party is "inform[ed] . . . of the opportunity" for a hearing to challenge the deprivation, and the hearing itself provides that party with "an opportunity to present [the party's] basic argument." *See Finch*, 333 F.3d at 562.  Where a party to an administrative proceeding has received notice of "the charge," the "proposed penalty," the "right to consent to the charge and penalty," and "the right to request a hearing," the Fifth Circuit has found this to constitute "sufficient notice" and upheld dismissal of a procedural due process claim.  *See Gibson v. Tex. Dep't of Ins.—Div. of Workers' Comp.*, 700 F.3d 227, 240 (5th Cir. 2012); *see also Tamfu v. Natarajan*, Civ. A. No. SA-11-CA-758-FB, 2011 WL 6328697, at *8 (W.D. Tex. Dec. 15, 2011) (dismissing complaint alleging procedural due process violations because plaintiff failed to allege "what processes he was due . . . from the [defendant] that he did not receive" (quoting *Brown v. Texas A & M Univ.*, 804 F.2d 327, 334 (5th Cir. 1986)); *Ray v. U.S. Dep't of Homeland Sec.*, CIV. A. H-07-2967, 2008 WL 3263550, at *16-17 (S.D. Tex. Aug. 7, 2008) (granting a motion to dismiss where the complaint itself reflected that plaintiff was given "oral or written notice of the charges against him, an explanation of the [state actor's] evidence, and an opportunity to present his side of the story").

11

Here, the face of Plaintiffs' Complaint—including the 2010 Notice, attached as Exhibit A to Plaintiffs' Complaint[2]—demonstrates that the termination of Plaintiffs' electrical service was conducted in accordance with procedural due process. *See* 2010 Notice 1-3.[3]  As Defendant City of El Paso correctly observes, "Plaintiffs concede that they were first notified of the City's intent to terminate electrical service . . . approximately one year prior to the disconnection of electrical service."  Def. City of El Paso's Mot. ¶¶ 8-10.  Even though the 2010 Notice stated that Plaintiffs were required to repair the dangerous conditions on their property "within 30 days of [Plaintiffs'] receipt of this letter," Plaintiffs acknowledge that their electricity was not terminated until roughly ten months later, during which time Plaintiffs were able to meet with a number of public officials regarding the contents of the 2010 Notice.  *Compare* Compl. ¶¶ 13-16, 20-21, *with* 2010 Notice 3.

Plaintiffs' Complaint alleges, however, that "[t]he Notices of Violation received by [Plaintiffs] fail to specify the violations" that formed the basis for discontinuing Plaintiffs' electricity.  *See* Compl. ¶ 54; *see also id.* ¶¶ 12-13 (stating that the 2010 Notice referred to "unspecified violations").  If such were the case, the 2010 Notice might indeed have failed to

---

[2] The Court's inquiry may take into account the entire "contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  "[A]n exhibit to a pleading is a part of the pleading for all purposes."  Fed. R. Civ. P. 10.  Moreover, if a pleading asserts an allegation that "is contradicted by the contents of an exhibit attached to the pleading, then indeed the exhibit and not the allegation controls."  *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004).

[3] As the Court reads Plaintiffs' Complaint, Plaintiffs challenge only "[t]he action by [Defendant] City of El Paso in ordering discontinuation of electric service to the Yandell property" on the grounds that this action "constitutes an arbitrary and capricious governmental decision" in violation of procedural due process.  *See* Compl. ¶¶ 40-41.  To the extent that Plaintiffs are also challenging El Paso Municipal Code Chapters 18.02, 18.40, or 18.50 on this ground, Plaintiff has failed to state a claim upon which relief may be granted.  *See id.* ¶¶ 14, 21-22, 52-54.  Generally applicable legislative and quasi-legislative decisions, such as the Vacant Building Ordinance or any other provisions of the El Paso Municipal Code, "are not subject to procedural due process constraints, even though they result in a deprivation of a recognized . . . interest.  Rather, such decisions are subject only to substantive due process analysis."  *See Martin v. Mem'l Hosp. at Gulfport*, 130 F.3d 1143, 1149 (5th Cir. 1997); *Jackson Ct. Condos., Inc. v. City of New Orleans*, 874 F.2d 1070, 1074 (5th Cir. 1989).  Therefore, in analyzing Plaintiffs' claim of a violation of procedural due process, the Court addresses only whether Plaintiffs have successfully stated a claim by alleging that Defendant City of El Paso requested the termination of Plaintiffs' electricity "without notifying" Plaintiffs.  Compl. ¶ 21.

meet the requirement that a sufficient notice specify "the reasons" for the forthcoming

deprivation or "the charge" that forms the basis for the administrative action, and thus would

potentially contribute to a violation of procedural due process.  *See Finch*, 333 F.3d at 562;

*Gibson*, 700 F.3d at 240.  But the 2010 Notice itself, appended as Exhibit A to Plaintiffs'

Complaint, explicitly states that Plaintiffs' property was in violation of the ordinance because

"[t]he floors have not been maintained in a safe manner," "[t]he walls have not been maintained

in a safe manner free of holes and cracks," and "[t]he structure is open and accessible to

unauthorized entry."  2010 Notice 2.  The 2010 Notice also describes numerous other violations

relating to the property's plumbing system, electrical system, HVAC system, and the presence of

"weeds, trash, and debris" on the premises.  *Id.*  The 2010 Notice also sets forth numerous

specific provisions of the El Paso Municipal Code that were violated by these persisting

conditions.  *Id.*

If a pleading asserts an allegation that "is contradicted by the contents of an exhibit

attached to the pleading, then indeed the exhibit and not the allegation controls."  *U.S. ex rel.*

*Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004).  Accordingly, based on

the actual text of the 2010 Notice, Plaintiffs were adequately informed of the "charge[s]" against

them and the "the reasons" for the forthcoming deprivation, and therefore were not denied

procedural due process as a result of receiving insufficient notice.  *See Finch*, 333 F.3d at 562;

*Gibson*, 700 F.3d at 240.

An additional argument raised by Plaintiffs with respect to procedural due process is that

Defendant City of El Paso took "an action for which it had no authority," and was merely

"pretending it has such an ordinance" that would authorize Defendants to discontinue electrical

service.  Pls.' Resp. 6, ECF No. 12.  In fact, at all times during the events described in the

Complaint, a municipal ordinance was in place granting "[t]he building official . . . the authority to authorize disconnection of utility service to the building, structure or system regulated by the technical codes in case of emergency where necessary to eliminate an immediate hazard to life or property." *See* El Paso, Tex., Ordinance 16985, § 26 (2008) (codified at El Paso Code § 18.02.103.9.3.3, "Authority to disconnect service utilities," and reproduced at Publisher's Supplement No. 72, 668-2jj, ECF No. 42-2); El Paso, Tex., Ordinance 17413, § A (September 21, 2010) (codified at El Paso Code § 18.02.103.10.3.3, "Authority to disconnect service utilities," and reproduced at Publisher's Supplement No. 79, at 615, ECF No. 42-5).

Plaintiffs also argue that the citation in the 2010 Notice to this ordinance was incorrect, which could be construed to allege a defect in the notice that Plaintiffs were provided. *See* Compl. ¶ 14. The Court finds, however, that although the applicable provision was amended effective January 2011 by Ordinance 17413, the citation to § 18.02.103.9.3 of the El Paso Municipal Code was correct at the time when the 2010 Notice was issued. *Compare* Ordinance 16985, § 26 (2008) (codified at El Paso Code § 18.02.103.9.3.3) *with* Ordinance 17413, § A (September 21, 2010) (codified at El Paso Code § 18.02.103.10.3.3). In any case, based on the text of the 2010 Notice, Plaintiffs were undoubtedly informed of the "charge[s]" against them and "the reasons" for the forthcoming deprivation, as well as the "proposed penalty" and "the right to request a hearing." *See Finch*, 333 F.3d at 562; *Gibson*, 700 F.3d at 240.

Finally, as for the second principal requirement of procedural due process, "an opportunity to respond," the Complaint makes no allegation that Plaintiffs were denied such an opportunity. *See Finch*, 333 F.3d at 562; *Gibson*, 700 F.3d at 240; *Ray*, 2008 WL 3263550, at *16-17. Indeed, Plaintiffs concede that they met with numerous city officials to discuss the violations identified in the 2010 Notice, including Building Official Bill Stern, Building

14

Inspector Nellie Avalos, and Chief Building Inspector Tom Maguire.  Compl. ¶¶ 15-16. Depending on the circumstances and the character of the deprivation, the requirements of procedural due process may be satisfied where a "hearing" in fact "consist[s] of no more than a meeting" at which the affected party is told the grounds for the deprivation and is given "an opportunity for rebuttal."  *See Caine v. Hardy*, 943 F.2d 1406, 1412 (5th Cir. 1991) (citing *Loudermill*, 470 U.S. at 546).

The Court need not decide in this case, however, whether Plaintiffs' meetings with Building Official Bill Stern and other officials actually constituted formal or informal hearings. The 2010 Notice explicitly informed Plaintiffs of their right to an official hearing before the Building and Standards Commission.  2010 Notice 3.  Under the local ordinance in force at the time the 2010 Notice was received, Plaintiff was permitted to appear before a "hearing panel" made up of members of the Building and Standards Commission in a public meeting to "present evidence and witnesses and to cross-examine any witness appearing against [Plaintiff]."  *See* El Paso, Tex., Ordinance 15998, § 1 (2005) (codified at El Paso Code § 2.38.040, "Procedures of the commission," reproduced at Publisher's Supplement No. 72, 22-23, docketed at ECF No. 42-1).  But Plaintiffs do not allege that they ever made such a request for a hearing or that their request was ever denied.  Plaintiffs therefore have failed to allege a violation of procedural due process based on a denial of their right to a hearing.  *See Finch*, 333 F.3d at 562; *Gibson*, 700 F.3d at 240; *Ray*, 2008 WL 3263550, at *16-17.

Accordingly, the Complaint fails to allege that Plaintiffs were denied either notice or an opportunity to respond, which constitute essential requirements of procedural due process.  *See Finch*, 333 F.3d at 562; *Gibson*, 700 F.3d at 240; *Loudermill*, 470 U.S. at 546; *Mathews*, 424 U.S. at 333.  In the absence of any procedural due process violation, Plaintiffs have failed to state

15

a claim under § 1983 on this basis.  *See Larpenter*, 369 F.3d at 482; *Uresti*, 506 F. App'x at 329.

Defendant City of El Paso's Motion to Dismiss is therefore granted as to Plaintiffs' claim of a

procedural due process violation.

> **b.**  **Substantive due process**

As to Plaintiffs' claim that Defendants violated substantive due process, Defendant City

of El Paso again argues that Plaintiffs' allegations are insufficient to state a claim.  Def.'s Mot. ¶

11.  In Defendant City of El Paso's view, neither the challenged provisions of the El Paso

Municipal Code nor the actions taken to enforce them constitute violations of substantive due

process, because such rules and enforcement measures are necessary to "protect the welfare of

the Plaintiffs' tenants who rightfully complained about the dangerous conditions" present on

Plaintiffs' property.  *See id.* ¶ 12.  Defendant City of El Paso argues that "[t]he wisdom or

expediency of a given law or regulation is not open to question in the courts" under the standard

of rational basis scrutiny applicable in this case.  *See id.* ¶ 14.

Defendant is correct.  Plaintiff has failed to state a claim that the provisions of the El Paso

Municipal Code prohibiting dangerous conditions on land, the Vacant Building Ordinance, the

requirement that a licensed contractor conduct repairs, or any measures taken by Defendant City

of El Paso to enforce these ordinances constitute violations of substantive due process.  Compl.

¶¶ 39-41, 52.  "In the absence of invidious discrimination, suspect classifying criteria, or

infringement of fundamental interests," the Court must uphold a measure challenged as a

violation of substantive due process "if there was any conceivable rational basis" for the state

actor to take this challenged measure.  *See FM Props. Operating Co. v. City of Austin*, 93 F.3d

167, 174 (5th Cir. 1996); *Wood Marine Serv., Inc. v. City of Harahan*, 858 F.2d 1061, 1066 (5th

Cir. 1988); *Shelton v. City of College Station*, 780 F.2d 475, 477 (5th Cir. 1986).  Because

Plaintiffs' allegations do not mention any suspect classification or fundamental interest, the Court therefore must apply rational basis scrutiny. *See FM Properties Operating Co.*, 93 F.3d at 174; *Shelton*, 780 F.2d at 477.

In this case, the challenged ordinances and the actions taken to enforce them satisfy rational basis scrutiny. It is settled law that "municipalities do in fact have a substantial, legitimate interest in keeping substandard housing unoccupied, and are entitled to further this interest by ensuring that landlords either repair their property during the current tenancy or face a complete loss of income from the substandard unit." *See Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1044 (5th Cir. 1998) (citing *Camara v. Mun. Ct. of City & Cnty. of San Francisco*, 387 U.S. 523, 537 (1967)). As Defendant City of El Paso has argued, these municipal ordinances are designed "to protect the welfare of the Plaintiffs' tenants who rightfully complained about the dangerous conditions" present on Plaintiffs' property. *Id.* ¶ 12. Accordingly, the provisions of the El Paso Municipal Code challenged by Plaintiffs in this case impose licensing requirements on contractors that seek to make electrical repairs, and grant the Building and Standards Commission "authority to authorize disconnection of utility service to the building, structure or system regulated by the technical codes in case of emergency where necessary to eliminate an immediate hazard to life or property." *See* Ordinance 16985, § 26 (2008) (codified at El Paso Code § 18.02.103.9.3.3); Ordinance 17413, § A (September 21, 2010) (codified at El Paso Code § 18.02.103.10.3.3).

These provisions are undoubtedly supported by the same rational basis described by the Fifth Circuit in *Hidden Oaks*, in furtherance of which municipalities ensure that landlords "keep[] substandard housing unoccupied," "repair their property during the current tenancy," or else "face a complete loss of income from the substandard unit." *See Hidden Oaks*, 138 F.3d at

1044.  As a result, Plaintiffs' challenge to these measures cannot succeed under the lenient rational basis standard.  *See id.*  In the absence of any substantive due process violation, Plaintiffs have failed to state a claim under § 1983 on this basis.  *See Larpenter*, 369 F.3d at 482; *Uresti*, 506 F. App'x at 329.  Defendant City of El Paso's Motion to Dismiss is therefore granted as to Plaintiffs' claim of a substantive due process violation.

### 2.  Claims under Texas law

As explained above, this Court concludes that Plaintiffs have failed to state a claim for violations of procedural due process or substantive due process.  Because there are no other federal claims against Defendant City of El Paso or the other Defendants, all of Plaintiffs' remaining claims under Texas law are subject only to this Court's supplemental jurisdiction under 28 U.S.C. § 1367(c)(3).  "In cases where all of the federal claims are dismissed before trial, the general rule is that a district court may decline to exercise supplemental jurisdiction . . . ."  *See Priester v. Lowndes Cnty.*, 354 F.3d 414, 425 (5th Cir. 2004); *see also Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary.").

In its discretion under 28 U.S.C. § 1367(c)(3), therefore, this Court also declines to exercise supplemental jurisdiction over Plaintiffs' state law claims.  *See Whetstone v. Jefferson Parish Pub. Sch. Bd.*, 12-30584, 2013 WL 3001882, at *1 (5th Cir. June 18, 2013) (citing *Miller v. Griffin–Alexander Drilling Co.*, 873 F.2d 809, 814 (5th Cir. 1989)); *Culbertson v. Select Portfolio Servicing, Inc.*, 4:13-CV-268-A, 2013 WL 3870286, at *3 (N.D. Tex. July 25, 2013).  Plaintiffs' case is therefore dismissed in its entirety.

### 3.        Request for attorneys' fees

Pursuant to 42 U.S.C. § 1988(b), Defendant City of El Paso requests attorneys' fees as the prevailing party in an action under brought under 42 U.S.C. § 1983.  *See* Def. City of El Paso's Mot. 10.  District courts exercise their discretion to award attorneys' fees to defendants under to 42 U.S.C. § 1988(b) in such actions where the plaintiff's underlying claim was "frivolous, unreasonable or groundless."  *Merced v. Kasson*, 577 F.3d 578, 595 (5th Cir. 2009) (quoting *Hidden Oaks Ltd.*, 138 F.3d at 1053).  The Court must "resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation."  *Offord v. Parker*, 456 F. App'x 472, 474 (5th Cir. 2012) (quoting *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421 (1978)).

In this case, Defendant City of El Paso has not made any argument that Plaintiffs' claims were frivolous or unreasonable.  City of El Paso's Mot. 10.  Moreover, although Plaintiffs' claims under 42 U.S.C. § 1983 are dismissed in the absence of any due process violation, Defendant City of El Paso did not dispute that Plaintiff had sufficiently alleged a deprivation of Plaintiffs' valid proper interest by a state actor under color of state law.  *See Larpenter*, 369 F.3d at 482; *Hidden Oaks Ltd.*, 138 F.3d at 1046.  Additionally, although the Court dismisses Plaintiffs' constitutional claims on the merits, the Court has not dismissed Plaintiffs' claims under state law as meritless, but merely in the Court's discretionary exercise of jurisdiction under 28 U.S.C. § 1367(c)(3).  *See Whetstone*, 2013 WL 3001882, at *1.  Under such circumstances, and because Plaintiffs have appeared pro se in this case, the Court declines to award attorneys' fees to Defendant City of El Paso under 42 U.S.C. § 1988(b).

### III.    CONCLUSION

For the reasons set forth above, Defendant City of El Paso's Motion to Dismiss, ECF No. 9, is **GRANTED** as to Plaintiffs' claims under 42 U.S.C. § 1983.

**IT IS FURTHER ORDERED** that the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims under 28 U.S.C. § 1367(c)(3), and therefore Plaintiffs' remaining state law claims are **DISMISSED**.

**IT IS FURTHER ORDERED** that Defendants' remaining Motions—including Defendant Joyce Wilson's Motion to Dismiss, ECF No. 8, Defendant El Paso Electric Company's Motion to Dismiss, ECF No. 10, and Defendant City of El Paso's Second Motion to Dismiss, ECF No. 14—and all other pending motions in this case are therefore **DENIED** as moot.

The clerk shall close this case.

**SO ORDERED**.

**SIGNED this 30th day of August, 2013.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

20